UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

THE GUARDIAN NEWS, INC.,

            Plaintiff,

-against-

VILLAGE OF ELMSFORD, New York,

            Defendants.

------------------------------------------------------------x

07 Civ. (   )

**ORIGINAL**

**COMPLAINT**

**Jury Trial Demanded**

**07 CIV. 5716**

Plaintiff THE GUARDIAN NEWS, INC., by its attorneys Lovett & Gould, LLP, for its complaint respectfully states:

### NATURE OF THE ACTION

1. This is an action for compensatory damages, as well as related declaratory and injunctive relief, proximately resulting from Defendant's regulatory ban on the placement of newsracks on public property for the purpose of distributing free-of-charge the weekly newspaper published by Plaintiff, which ban violates Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

### JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343, 2107.

1

## THE PARTIES AND THE MATERIAL FACTS

3. Plaintiff THE GUARDIAN NEWS, INC. is a New York domestic business corporation having its principal office for the conduct of business at 251 North Avenue, New Rochelle, New York. On a weekly basis Plaintiff publishes and disseminates, by *inter alia*, use of so-called newsracks, a free newspaper known as "The Westchester Guardian". That publication focuses on and reports about amongst other things municipal corporate corruption.

4. Defendant VILLAGE OF ELMSFORD, New York (hereinafter "Village"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State. The Village has adopted has enforced against Plaintiff with respect to the placement of newsracks within the Village the following code provision, which provides in pertinent respect:

> "**§291-1. Encumbrances.**
>
> No person shall encumber the streets or public grounds of the Village with any material whatsoever unless written permission shall have been granted by the Village Board of Trustees.
>
> **§291-2. Encroachments and projections.**
>
> No person or persons shall erect, cause to be erected or place any . . .encroachment. . .in, over or upon any of the streets or public grounds of the Village. . .

**§291-3. Penalties for offenses.**

If any person or persons having a[n]. . .encumbrance in, over or upon any of the streets or public grounds shall, after having received notice to remove same within 10 days from the date of service thereof, signed by the Village Clerk, neglect or refuse to comply within such specified time, such person or persons shall be guilty of an offense punishable by a fine not exceeding $1,000 or imprisonment for a period not exceeding 15 days, or both. Each day's continued violation shall constitute a separate offense.

**§291-4. Prohibited acts; consent for use of public property during construction.**

A. No person shall in any way. . .encumber, occupy. . .lay or place any material, or aid or abet the obstruction, encumbrance. . .laying or placing of any material, in or upon any. . .sidewalk . .public place or public grounds of the said Village, except so far as the same may be necessary for the erection or repair of a building, or the grading or improvement of a lot. . .

B. No person shall otherwise store, keep or place any material, property or substance of any kind in any. . .sidewalk, highway, public place or public grounds in said Village.

    *      *      *

**§291-6. Penalties for offenses.**

Any person, firm or corporation violating any of the provision of this article shall be subject to a penalty of not less than $50 nor more than $1,000 for each and every violation."

## AS AND FOR A FIRST CLAIM

5. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

6. Since Sections 291-1 through Section 291-6 completely ban the placement of newsracks on public property within the Village, that code provision violates Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CLAIM

7. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

8. Sections 291-1 through Section 291-6 on their face constitute an impermissible prior restraint (without benefit of any time, place and/or manner limitations) on Plaintiff's exercise of its rights as so guaranteed, 42 U.S.C. §1983.

## AS AND FOR A THIRD CLAIM

9. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

10. Under the premises Defendant's enforcement of the said Code provisions and consequential seizure of Plaintiff's newsracks and newspapers has both: i) violated Plaintiffs rights as so guaranteed, and ii) chilled Plaintiff in the prospective exercise of its rights as so guaranteed, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

a. Declaring Sections 291-1 through 291-6 of the Village Code violative of Plaintiff's First Amendment rights,

b. Ordering the Village to enact, consistent with Plaintiff's rights as guaranteed by the First Amendment, a code provision concerning the placement of newsracks on public property within the Village,

c. Permanently enjoining Defendant from enforcing as against Plaintiff said Sections of its code,

d. Awarding such compensatory damages as the jury may determine,

e. Awarding reasonable attorney's fees and costs, and,

f. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
June, 2 2007

LOVETT & GOULD, LLP
By:_____
Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401